George Frankenthaler, S.
The executors do not oppose their examination under section 263 of the Surrogate’s Court Act as to all matters relating to their administration of the estate. They do not resist a direction for the production of all books, records and papers that are in their care, custody or possession as executors, but they do oppose a direction for production of books and records that are not within the possession of either of them in his status as an executor. The moving party emphasizes that she seeks only such books and records “ as may have come into their care, custody, possession or control ” and patently she means care, custody, possession or control as executors because she seeks to examine them only as executors and not as officers, directors or employees of any of the separate corporations. Moreover, the executors are willing to produce the books and records of the one corporation in which the estate holding added to the executors’ individual shares exceeds 50% of the issued stock. It seems to the court, therefore, that when the demands for production of records are fairly interpreted, there is no real disagreement between the parties. The motion will accordingly be granted in all respects, and to avoid any possibility of misunderstanding the order to be entered herein will add the words “ as executors ” to paragraphs A and B of subdivisions 2 immediately after the word “ control.”
*130 Counsel are in sharp disagreement as to the permissible scope of the examination of the executors and as to the extent to which corporate acts or neglects constitute “ matter relating to [their] administration of the estate ” (§ 263). The questions which counsel argue at great length might very well be left for disposition by ruling during the examination, but the court believes that an outline of the area of examination in advance will expedite the examination.
It is true that the decedent did not own more than 50% of the stock of any corporation and that the son and coexecutors, even with his individually owned shares added to those of the estate, never held the majority of the shares of any corporation, except the one with respect to which full disclosure is hereinabove directed. For that reason, the acts or negligence of the corporation could not be directly attributed to the executors. The executors may properly say that the corporate actions or failures to take action are not in and of themselves matters relating to the executors’ administration of the estate.
However, the executors have an obligation to use such reasonable efforts as are available to them to preserve the estate’s investments. One of the executors is an officer and director of the corporations. A fiduciary who holds in trust stock of a corporation in which he is also an officer or employee, may become liable as fiduciary for a depreciation of the estate’s shares due to his own act or neglect. (Matter of Auditore, 249 N. Y. 335; General Rubber Co. v. Benedict, 215 N. Y. 18.) He owes a duty to the estate to be vigilant in the preservation and protection of its property. At the moment the question is not whether the executors could or could not effectively intervene and control corporate activities; it is merely whether the action or nonaction of either executor in a particular situation can reasonably be said to be a matter ‘ ‘ relating to his administration of the estate or fund ” (Surrogate’s Ct. Act, § 263). The court believes that the activities of an executor in the corporate affairs and his knowledge of the actions of others in the running of the businesses are proper subjects of inquiry.
Submit order on notice accordingly.